Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ☐

_____ Division

| | |
|---|---|
| Ricky Gonzalez | Case No. _____ |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint._ | |
| _If the names of all the plaintiffs cannot fit in the space above,_ | Jury Trial: _(check one)_ ☑ Yes ☐ No |
| _please write "see attached" in the space and attach an additional_ | |
| _page with the full list of names.)_ | |
| -v- | |
| New York City Department of Corrections | |
| See attached defendants | |
| _Defendant(s)_ | |
| _(Write the full name of each defendant who is being sued. If the_ | |
| _names of all the defendants cannot fit in the space above, please_ | |
| _write "see attached" in the space and attach an additional page_ | |
| _with the full list of names.)_ | |

RECEIVED SDNY PRO SE OFFICE 2024 MAY 16 PM 4: 52

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name Ricky Gonzalez
Street Address P.O. Box 618
City and County Auburn County of Cayuga
State and Zip Code New York 13024
Telephone Number Auburn CF (315) 253-8401
E-mail Address _____

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name  New York City Department of Corrections

Job or Title *(if known)*  Mayoral Agency

Street Address  11-11 Hazen Street

City and County  New York City County of Bronx

State and Zip Code  New York  11370

Telephone Number  NYC DOC Investigations (347)669-4075

E-mail Address *(if known)*

Defendant No. 2

Name  John June  Shield#18179

Job or Title *(if known)*  Correctional Officer

Street Address  11-11 Hazen Street

City and County  New York City  County of Bronx

State and Zip Code  New York  11370

Telephone Number  (347)669-4075

E-mail Address *(if known)*

Defendant No. 3

Name  John Randazzo

Job or Title *(if known)*  Correctional Officer  (Kitchen)

Street Address  11-11 Hazen Street

City and County  New York City County of Bronx

State and Zip Code  New York  11370

Telephone Number  (347)669-4075

E-mail Address *(if known)*

Defendant No. 4

Name  Jane Johnson

Job or Title *(if known)*  Correctional Officer  (law library)

Street Address  11-11 Hazen street

City and County  New York City  County of Bronx

State and Zip Code  New York  11370

Telephone Number  (347)669-4075

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 5

| | |
|---|---|
| Name | Jane Diaz |
| Job or Title *(if known)* | Correctional Officer (Grievance) |
| Street Address | 11-11 Hazen street R.N.D.C. |
| City and County | New York City County of Bronx |
| State and Zip Code | New York  11370 |
| Telephone Number | (347) 669-4075 |
| E-mail Address *(if known)* | |

Defendant No. 6

| | |
|---|---|
| Name | John Chester |
| Job or Title *(if known)* | Deputy Warden |
| Street Address | 11-11 Hazen street  R.N.D.C. |
| City and County | New York City County of Bronx |
| State and Zip Code | New York  11370 |
| Telephone Number | (347) 669-4075 |
| E-mail Address *(if known)* | |

Defendant No. 7

| | |
|---|---|
| Name | Jane Pierre |
| Job or Title *(if known)* | Captain |
| Street Address | 11-11 Hazen street  R.N.D.C. |
| City and County | New York City County of Bronx |
| State and Zip Code | New York  11370 |
| Telephone Number | (347) 669-4075 |
| E-mail Address *(if known)* | |

Defendant No. 8

| | |
|---|---|
| Name | Jane Doe |
| Job or Title *(if known)* | Nurse/clinician |
| Street Address | 11-11 Hazen street  R.N.D.C. |
| City and County | New York City County of Bronx |
| State and Zip Code | New York  11370 |
| Telephone Number | (347) 669-4075 |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 9

Name   Vincent Delgiudice
Job or Title *(if known)* Judge
Street Address 320 Jay Street
City and County Brooklyn County of Kings
State and Zip Code New York 11201
Telephone Number (347) 296-1076
E-mail Address *(if known)*


Defendant No. 10

Name   OlatoKunbo Olaniyan
Job or Title *(if known)* A.D.A.
Street Address 350 Jay Street
City and County Brooklyn County of Kings
State and Zip Code New York 11201
Telephone Number (718) 250-2771
E-mail Address *(if known)*


Defendant No. 11

Name   Danny K. Chun
Job or Title *(if known)* Judge
Street Address 320 Jay Street
City and County Brooklyn county of Kings
State and Zip Code New York 11201
Telephone Number (347) 296-1067
E-mail Address *(if known)*


Defendant No. 12

Name   Lana Schlesinger
Job or Title *(if known)* A.D.A.
Street Address 350 Jay Street
City and County Brooklyn County of Kings
State and Zip Code New York 11201
Telephone Number
E-mail Address *(if known)*

Defendant No. 1**3**

    Name       Attorney General of N.Y.S.

    Job or Title *(if known)*

    Street Address   The Capitol

    City and County  Albany  County of Albany

    State and Zip Code  New York 12224

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

u.s. Constitution Amendments: I , IV, V , VI, VIII, XIII, XIV

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff,  *(name)*                                                  , is a citizen of the State of *(name)*

b.    If the plaintiff is a corporation

The plaintiff,  *(name)*                                                  , is incorporated under the laws of the State of *(name)*

and has its principal place of business in the State of *(name)*

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant,  *(name)*                                                  , is a citizen of the State of *(name)*                                                  . Or is a citizen of

*(foreign nation)*

      b.    If the defendant is a corporation

          The defendant, *(name)* , is incorporated under

          the laws of the State of *(name)* , and has its

          principal place of business in the State of *(name)*

          Or is incorporated under the laws of *(foreign nation)*

          and has its principal place of business in *(name)*

          *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

       The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

    Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

                See Attached

## IV.    Relief

    State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff Requests:
    $750,000 as compensatory damages
    $750,000 as punitive damages
    Assistance with legal representation
    To be produced virtually to hearings

## III. Statement of Claims
### a) "USE OF FORCE"

On 5-17-21 between 6:10pm and 7:00pm officer June, badge/shield number 18179, discharge his chemical agent can in the plaintiffs face, mouth, and eyes while the plaintiff Ricky Gonzalez was en route to the medical clinic for evening medication.

The unnecessary use of force by officer June was recorded by the cameras between Modular 4 dormitory bridge area and corridor 4. This attack on the plaintiff was unprovoked and non-violent on the part of the plaintiff. Plaintiff's hands were up as officer June continued spraying.

Plaintiff was handcuffed and escorted to the decontamination shower in the intake search area; where he remained for 2 hours locked in a shower stall unsupervised; then, in an intake holding cell.

Plaintiff possessed no weapons or contraband. He was told if he signed a refusal to see medical staff he'd be expedited immediately back to his housing area. Otherwise plaintiff would remain in intake possibly until midnight to be seen by medical due to the numerous other injury reports that particular night.

Plaintiff notified prisoner's rights project of what transpired that evening. Ginger Lopez who is a law

1

III

a) advocate from the legal aid society informed plaintiff she would contact the NYC Department of Corrections to inquire about the video recorded footage of the incident and the particulars of the involvement.

Plaintiff has not received any responses following that one and only consultation with Ms. Ginger Lopez nor was the recorded video footage of the incident ever acquired by the plaintiff. Letters to Ms. Ginger Lopez have been sent, however, plaintiff has not received any responses whatsoever.

Plaintiff claims his overall vision has become blurred and spotty following the incident.

On 5/18/2021 plaintiff filed a complaint with NYC 311 about the excessive use of force with agent ID M-1552 under service request number ec-00293783 and followed up with another phone call to NYC 311 on 12/10/2021 at 2:35pm under service request number ec-00394217 with agent ID#1114 after there had been no response from Ginger Lopez at Prisoner's Rights Project.

Due to limited phone time and negligence on behalf of NYC DOC resulting in failure to resolve inmate grievances in a timely fashion, plaintiff is burdened with hardship as communication with the office of constituent and grievance services failed to respond.

2

## III. Statement of Claims
### b) "Deprivation of Labor Wages"

Whilst employed in the main Kitchen in the Robert N. Davoren building on Rikes Island (R.N.D.C/C-74), a grievance was submitted by the plaintiff for payment for the week of 1/17/2022 not deposited into the account of the plaintiff. Payments were furthermore denied as plaintiff was not allowed to sign the weekly payroll sheets on sundays. Plaintiff continued to be called for work everyday of the year 2022. ~~but was denied payment for labor from 3/20/22 well into the new year of 2023.~~ The work schedule for the plaintiff was from 2:00pm - 7:00pm monday - Sunday. Plaintiff denied payment from 3/20/22 — 9/25/22

The reason for the consequential deprivation of payment for labor came by way of order from Deputy Warden Chester who affirmed there shall be no detainees on the payroll working in the Kitchen who are charged with violent felonies. The order came from DW Chester who relayed it to captain Pierre who relayed it to Kitchen Officers Cantres and plaintiff's hiring officer Randazzo.

Every sunday which followed, Plaintiff would observe other inmates, who also beared violent felonies, continue to sign the payroll sheet week after week. The plaintiff's account statements shall verify the period of non-payment under Booking Case # 141-18-05489 and NYSID # 01344515N. Grievance department never returned my appeal or follow-ups

# III Statement of Claims
## C) "Deprivation of Law Library Usage"

Plaintiff has been incarcerated on Riker's Island under the custody of the NYC Department of Corrections from August of 2018 until May of 2023. Throughout this period many grievances and 311 calls were submitted for plaintiff's denial of use of the facilitie's law library program.

During the Covid Pandemic it is understood by plaintiff that many continuations of the executive order for social distancing caused a severe level of difficulty for the department of corrections to provide detainees two hours daily access to the library, simultaneously, abiding by the rules of the covid restrictions.

Plaintiff has not been afforded access to the law library according to the provisions of the Board of Corrections minimum standards. Plaintiff's grievance submissions have went unanswered as well as a letter to the Board of Corrections.

The majority of plaintiff's law library deprivation occurred in the Robert N. Davoren Center (R.N.D.C.) between 2021 and 2023 while officer Johnson was the steady officer.

Plaintiff has grieved law library denials as far back as 2/1/20, in which A.M.K.C.'s (C-95 building) computer monitors were malfunctioning or unavailable for use, through 311 under service request # EC-00092749 and also on 3/11/20 under service request # EC-00105226 in which said law library was not

1

III

C) afforded on 2/22/20, 2/25/20, 2/26/20, 2/29/20, 3/10/20, and 3/11/20. The denial of access to the law library in A.M.K.C.'S building on said dates took place before the Covid 19 pandemic executive order for social distancing amongst other restrictions.

　　　　Being the one very important resource for making copies and notarizing documents plus researching case law, the law library is a crucial necessity and denial of access to thereof has caused the plaintiff extreem hardship as the plaintiff was unprepared for trial and proceeded with very little knowledge of how to best defend himself along with assistance of counsel,

2

III Statement of Claims
d) "Deprivation of Right to a Speedy Trial"

One 8/29/2018 plaintiff Ricky Gonzalez is arrested on charges of penal laws/25.25 and 195.02 and remanded to NYC Department of Corrections on Riker's Island.

Plaintiff remained in said custody for over 4 years prior to his trial which commenced on 3/13/2023 and concluded on 4/3/2023, in King's County Supreme Court.

During his pre-trial incarceration, plaintiff had been scheduled for 62 Supreme Court appearances excluding the jury trial and sentencing. Plaintiff had been detained well before the Covid 19 pandemic and well after the conclusion of said pandemic. Plaintiff endured numerous adjournments which caused unnecessary delay with no proposals or offers made by any of the 3 assistant district attorneys during the pre-trial detention of plaintiff in this claim.

Prosecutor appointed in the case of The People vs. Ricky Gonzalez were Olatokunbo Olaniyan during the initial indictment, however, assigned on 4/1/2019, then, Matthew Stewart assigned on 12/3/2020, Finally, Lana Schlesinger assigned on 3/4/2021. The initial presiding judge was Vincent DelGiudice in part 7 from 9/28/2018 to 12/3/2019, then, Danny Chun in part 19 from 1/10/2020 to 5/ /2023.

III Statement of Claims

e) "Overcrowdedness and Unhealthy Living Conditions Before, During, and After Pandemic"

Social distancing rules were violated before, during, and after plaintiff was quarantined for becoming infected with the Omicron variant of the Corona Virus because steps to ensure the safety of the plaintiff's health and well-being as a detainee in the custody of the NYC department of corrections were not properly followed.

Plaintiff was transferred from a single person cell at the A.M.K.C. building at Riker's Island on 10/8/2020 to a 48 bed dorm at R.N.D.C. in housing area Mod 4 upper South. The living conditions in said housing area did not meet the criteria set forth in governor Cuomo's executive order for social distancing as the beds in the sleeping quarters were too close in measurement and the housing area was occupied over the 50% limit. The majority of its occupants were coughing. Covid testing was not mandatory.

On 11/23/2020, plaintiff submitted a grievance via phone call to 311 complaining about the overcrowdedness, lack of social distancing, and the fact that there had been no available hot water for cooking and showering, for 3 consecutive days. On 11/24/2020, plaintiff submitted 311 grievance with representative id# M1318 under service request#ec-00219802. On 11/25/2020, plaintiff follows up with another complaint of the aforesaid violations with id# M1549 under service request#00219806,

## III

e) affirming that the situation remained unaddress by the NYC department of corrections.

Plaintiff submitted several written grievances pertaining to the horrible conditions and lack of hot running water in Mod 4 upper south, but unfortunately, these written grievances remained unanswered by the grievance department.

On 12/21/2021, during a spike in covid 19 cases, plaintiff as well as 22 other detainees in Mod 4 upper south were subjected to covid testing voluntarily by providing the jail's physicians a specimen sample of the lining of the nostrils. Medical clinic personell did not affirm that this testing was mandatory even though the majority of detainees in Mod 4 upper south displayed symptoms of the infection such as headaches, coughing, and lack of sense of smell.

While collecting the samples we were told to write our names and booking case numbers on a slip of paper each, then the slips were inserted into biohazard specimen bags along with the vial containing the specimen.

At no point, before the medical clinicians left Mod 4 upper south housing area, were the identifications written on the actual vials containing the specimens of the plaintiff nor the other detainees.

III Statement of Claims

f) "Murder Attempted By Nurse Dispensing Medication"

On thursday December 30th 2021 at approximately 12:00pm, during a period of quarantine at the O.B.C.C. building in housing area 2 southwest, a nurse proceeded to dispense methadone medication to several detainees including plaintiff.

The nurse wore multiple masks on her face along with a face shield, thick lensed glasses, a blue smock over her scrubs, and latex gloves on her hands. Plaintiff, Ricky Gonzalez, could not get a 100% visual of the nurse's face, but could see she was a heavy-set black woman, about 200 pounds, with a very dark complexion.

As the plaintiff approaches the medication window he tells the nurse his name and methadone dosage (80mgs) at which point she shows him 2 forty milligram diskette-shaped pills in a dixie cup before quickly adding water then stirring to dissolve.

Plaintiff noticed, before she added water, that one of the pills contained a white, chalky substance attached to it, covering about ¼ of the pill.

Plaintiff, though sceptical, disregarded it and drank the contents of the cup.

After 5 to 10 minutes later, while sitting at the

III

f) dayroom table, plaintiff starts to feel unusually affected. He felt his whole body get cold and experienced a major headrush as his heart rate increased and hands had begun to tremble. At that point, plaintiff realizes his instincts were correct and this nurse had poisoned him by tampering with his medication.

Plaintiff informed officer Poteat (shield#18543) of the situation and requested medical attention along with the name of the nurse of whom he was medicated.

Plaintiff never acquired the name of said nurse nor was he provided emergency medical service.

Plaintiff's grievance submission went unanswered, however, he did submit a 311 telephone grievance submission on 12/30/21 to ID# M-1113 under service request # ec-00395560.

Plaintiff also sent a letter to Correctional Health Services main office informing them of what transpired, but no response was ever received by plaintiff.

On 4-2-2022 between the times of 4:00pm – 11:00pm plaintiff states he saw nurse Jane Doe working in the R.N.D.C. clinic and would recognize her if seen again.

III Statement of Claims

g)

"<u>Conditions and Incidents During and After
Transfer to O.B.C.C. For Quarantining</u>"

On 12/23/21 at approximately 12:30pm, the Mod
4 upper officer on the (A) post received a phone call from
captain Boodoo ordering plaintiff along with several
others to pack our clothes and necessities because we
were being transferred out of RNDC to be quarantined
at the West Facility, which is a medical facility on
Riker's Island which was clean and meets the
requirements for proper quarantining of infected patients.
Plaintiff was not formally notified by any medical staff
that he had contracted the corona virus or tested positive
to thereof, prior to being informed of the transfer for
quarantine purposes.

It was not until plaintiff and other detainees were
in the RNDC intake when security captain Clark
clarified the whereabouts of the quarantine destination,
which in fact was not the West Facility. Plaintiff along
with the other allegedly infected were being transferred
to O.B.C.C. (Otis Bantum Center) for a 10-15 day period
at a building on Riker's Island which was said to
have closed down its operations in the fall of 2021.

Once plaintiff and others were cuffed by pairs

III

g) and escorted onto the two buses at 4:15pm, it took only five minutes to reach the OBCC annex intake. From 4:20pm to roughly 9:00pm plaintiff and others remained shackled on a parked bus with no heat in the middle of winter.

The reason for being left on a parked bus shackled, cold, and hungry, was that the housing area plaintiff and others were being transferred to for quarantining was occupied by other infected detainees.

By the time housing area 2 southwest was vacant, plaintiff was unable to use the telephone to contact family members and attorney. This housing area was not sanitized prior to arrival of plaintiff and smelled of soot and smoke from the fire which was started by its previous detainees. Plaintiff experienced difficulty in breathing even while wearing the cloth masks provided by RNDC prior to transfer. The conditions in housing area 2 southwest were unsuitable for inhabitants quarantining.

On 12/25/21, officer Cuffee (shield 13928) admitted another covid19 positive detainee after plaintiff and others had already started to 10-15 day quarantine period.

On 12/26/21, while locked in for the night, two more detainees are admitted to 2 southwest.

On 12/27/21, a fire had been started in the housing

2

III

g) area directly above housing area 2 Southwest causing heavy smoke to enter plaintiff's housing area through the ventilation system ducts. Plaintiff suffered smoke inhalation. Medical attention was requested but never arrived.

On 12/27/21 at 8:10pm, correctional officers attempted to admit four to five more detainees fully aware that the plaintiff along with his group of detainees had been already quarantined for five days. Plaintiff notified a representative from NYC 311 of the situation who took the complaint and provided identification number K-4942 with service request number ec-00394217.

On 12/29/21 a clinician of asian descent took vitals of plaintiff using a digital thermometer logging in his medical paperwork a temperature of 89.6 degrees. Plaintiff claimed there to be an error as a normal reading would be 98.6°. The asian clinician disregarded the plaintiff's claim.

On 12/30/21, seven days had passed with no doctor present to assess the progress of plaintiff's health during the course of the quarantine thus far.

Throughout the entire quarantine process, department of corrections facility staff failed to provide services and provisions pertaining to outdoor recreation, law library, laundry, and sick call requests. Plaintiff endured inhumane treatment.

3

III

9) On 1/3/21, and for the past four days, no vitals were taken of the plaintiff nor medical inquiries. The facility seemed severely understaffed as there were no officers on post in tier 2 southwest for the majority of the plaintiff's quarantine. Another fire is started by main gate.

On 1/3/21 plaintiff is denied methadone medication which is dispenced daily for treatment of opiate addiction and if missed results in painful withdrawal symptoms. Plaintiff, along with many others, suffered from the medical clinic's failure to provide medication for this day.

On 1/3/21 female captain Stephens falsely claimed she was being held hostage by detainees in 2 southwest and called emergency services unit who then frisks plaintiff and forces him to lock in at 5:00pm along with rest of the detainees in house.

On 1/4/21 plaintiff is transferred back to R.N.D.C. without being re-tested for the Omicron variant of Covid and without vitals being checked.

4

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _5/9/2024_____

Signature of Plaintiff _Ricky Gonzalez_____

Printed Name of Plaintiff _Ricky Gonzalez_____

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

○ 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

Ricky Gonzalez (23-B-2583)                    May 6th, 2024

Auburn Correctional Facility

135 State St. P.O. Box 618

Auburn, New York 13024

SDNY PRO SE OFFICE
2024 MAY 16 PM 4:51
RECEIVED

To whom this may concern:

My constitutional rights are constantly being violated by many officers at Auburn C.F. I express the utmost respect and continue to be violated by officers who abuse their authority on a daily basis. They enjoy showing their co-workers how tough they are by oppressing me with public embarrassment, simply because they can under the color of law. It is even difficult to submit a grievance about an incident involving an officer due to the fact that the majority of these officers do not wear their name tags while on duty. Many of my submitted grievances have either been late in filing, late on appeals, or have gone unanswered. My attempts to exhaust my remedies are being flanked from every angle. They have robbed me of my commissary property, left me deprived of winter wear (coat, boots, hat etc) during winter, sent me to the box (S.H.U) for tweezers in a desk, denied meals on five separate occasions, have stolen and opened items from food packages and home packages, and most importantly denied me rights to the law library and tampered with my legal mail and papers. I expect retaliation for this letter because it is in the nature of these Auburn Correctional officers to do so. The sargents, Lieutenants, captains, and other high ranking officials are not holding them accountable for their wrongs. Auburn is a small city and most of these officers are family related resulting in many incidents being swept under the rug. Nepotism runs throughout this prison. Forgive for saying this prison has more in common with a slave plantation. I do not see rehabilitation as a goal able to be reached in Auburn,

not with all the negative treatment I've been subjected to. I have had legal conferences and virtual court dates which I have not been afforded the opportunity to attend. This deprivation will certainly be the cause of the dismissal of my legal lawsuits. Auburn C.F. also lost its only legal notary who's resignation now affects my legal rights to have court papers notarized. I have a lawsuit (civil) under index # 161520/2019 in New York city on the verge of being dismissed as my original attorney, Roberta Asher, requested and was granted order for relief from being counsel to plaintiff. I have a Court of Claims lawsuit in Albany under claim # 141976 for officers in Auburn C.F. stealing my property. I have my criminal appeal under 2023-04693 in Kings county Brooklyn. Lastly, I have a Federal 1983 lawsuit soon to be mailed for submission, however, being denied access to the Auburn CF law library for retaliatory reasons by officers has been slowing down, if not completely haulting progress in my endeavors. Foil requests for audio and video recordings of all grievable incidents have gone unanswered. I am seeking the help and assistance of any outside agencies capable of providing swift justice in all of the aforesaid matters because I feel and believe whole-heartedly that I deserve way more than what's being afforded at Auburn C.F. When I arrived here in August of 2023, I signed up for the Cornell University Prison Education Program. I was put on the waiting list for the enrollment exam. I was so optimistic and happy to have been afforded an opportunity to further my education from a GED to an Associates degree. Two month later in October, a surprise cell search turns up a pair of tweezers in a desk I was given permission to take from three cells down. This resulted in a Tier III infraction. No college for a year. It didn't really matter though, because on March 22nd 2024, my birthday, I received a letter from Cornell stating its April courses were not going to be

2

available due to a close evaluation of their plan for the year ahead. It doesn't take a rocket scientist to figure out that if Auburn CF were audited there would be some major discrepancies in their poorly managed budget. As for my college opportunity, I guess I have no choice but to put it on hold. The purpose of this letter is to bring to light what is interfering with my pursuit of happiness, my pursuit of vindication, and with my rehabilitation. I have sent out letters like this before, although I have had nary a response. I pray this time my cries of desperation are heard throughout the cosmos because, frankly, I think I am out of options. Godspeed

Most Respectfully,

Ricky Gonzalez

Ricky Gonzalez

P S

Prior to sending this letter, I have sent 13 processes for the individual defendants for a §1983 Federal suit via certified mail to USDC Foley square, New York, N.Y. A great portion of my legal supporting papers have disappeared after a search of my old cell (D-7-44) back in October of 2023. I am not being afforded access to legal provisions adequately here at Auburn CF. I tried as best I can to complete the 1983 complaint with what I had. With this letter is the original complaint handwritten. I left blank the defendants boxes on form USM-285 and the civil cover sheet considering each defendant has their own packets. To remain in my legal timeframe I sent the original separate from the defendant's copies. It has been very exhausting being imprisoned since 2018 and I really need this justice to be in my favor. Please write me if there anything else needed.

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

U.S. Department of Justice
United States Marshals Service

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ricky Gonzalez | |
| **DEFENDANT** | **TYPE OF PROCESS** |
| | |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Ricky Gonzalez 23-B-2583<br>P.O. Box 618<br>Auburn, N.Y. 13024 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case: 13 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(315)253-8401 | DATE<br>5/9/2024 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am<br>☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS



AUBURN CORRECTIONAL

PURPLE HEART
FOREVER USA

RECEIVED
MAY 15 2024
CLERK'S OFFICE
S.D.N.Y.

U.S.D.C.
Southern District
40 Foley Square
New York, NY 10007
LEGAL MAIL

Probod

USMAIL
SDNY

Ricky Gonzalez (23-B-2583)
P.O. Box 618
Auburn C.F.
Auburn, NY 13024

RECEIVED
SDNY PRO SE OFFICE
2024 MAY 15  PM 4:45