UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKY GONZALEZ,<br><br>                Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF CORRECTIONS; CORRECTIONAL OFFICER JOHN JUNE; CORRECTIONAL OFFICER JOHN RANDAZZO; CORRECTIONAL OFFICER JANE JOHNSON; CORRECTIONAL OFFICER JANE DIAZ; DEPUTY WARDEN JOHN CHESTER; CAPTAIN JANE PIERRE; JANE DOE, NURSE/CLINICIAN; JUDGE VINCENT DELGIUDICE; ADA OLATOKUNBO OLANIYAN; JUDGE DANNY K. CHUN; ADA LANA SCHLESIGNER; ATTORNEY GENERAL OF N.Y.S.,<br><br>                Defendants. | 24-CV-3859 (LTS)<br><br>ORDER OF PARTIAL DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is incarcerated at Auburn Correctional Facility (Auburn) in Cayuga County, New York, brings this action *pro se*. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

        In this complaint, Plaintiff brings: (1) claims arising from his detention at Rikers Island from 2018 to 2023; (2) claims for speedy trial violations in his Kings County criminal proceedings, which concluded in 2023; and (3) claims arising at Auburn, in Cayuga County. For the reasons set forth below, the Court dismisses Plaintiff's claims regarding his Kings County criminal proceedings and his claims arising at Auburn. The Court will address Plaintiff's claims arising at Rikers Island by separate order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.   Speedy trial claims**

Plaintiff alleges that he was arrested on August 29, 2018 and that he remained in the custody of the New York City Department of Corrections for more than four years. (ECF 1 at 13.) During that time, Plaintiff was scheduled for 62 pretrial appearances in the Kings County Supreme Court – Criminal Term, many of which were adjouned. Justices Vincent Delgiudice and Danny Chun each presided over certain proceedings, and three different prosecutors were assigned to the case at various points.[2] Plaintiff alleges that, despite the delay, none of the three ADAs made any "proposals or offers." (*Id.*) He contends that he was deprived of his right to a speedy trial. Eventually, a jury trial was held in Kings County Supreme Court from March 13, 2023, to April 3, 2023. (*Id.*) Plaintiff was convicted, and his direct appeal from his judgment of conviction is pending. (*Id.* at 25.)

---

[2] According to Plaintiff, the three prosecutors were ADA Olaniyan and Schlesinger, as well as ADA Mathew Stewart, who is not named as a defendant.

Plaintiff sues Justices Delgiudice and Chun of the Kings County Supreme Court – Criminal Term, and Brooklyn Assistant District Attorneys Olatokunbo Olaniyan and Lana Schlesinger. Plaintiff seeks damages. (ECF 1, at 7.)

Civil rights claims under 42 U.S.C. § 1983 for damages against judges and prosecutors for the alleged denial of Plaintiff's right to a speedy trial are not cognizable. First, Plaintiff has been convicted and his direct appeal is pending (*id.* at 25); the conviction has not been overturned. Success on Plaintiff's Section 1983 claim for damages for the denial of his right to a speedy trial would necessarily be inconsistent with his conviction, and the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), therefore bars a civil rights claim for damages. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Moreover, Plaintiff's claims against Justices Delgiudice and Chun for damages due to trial delays arise out of Plaintiff's criminal proceedings before them, and they are entitled to judicial immunity for their judicial actions in cases over which they presided. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding that judges are absolutely immune from suit for damages for their judicial actions)*; Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature.").

Similarly, prosecutors are immune from civil suits for damages for acts that are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Plaintiff

3

seeks damages for the alleged failure of Brooklyn Assistant District Attorneys to offer plea deals or make other proposals in connection with his criminal proceedings. Because this conduct is associated with the judicial phase of the criminal process, Defendants Olaniyan and Schlesinger are immune from suit for damages for such claims.

Plaintiff's Section 1983 claims against Justices Delgiudice and Chun, ADA Olaniyan, and ADA Schlesinger are therefore dismissed for failure to state a claim on which relief can be granted and because Defendants are immune from suit for such claims. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**B.    Claims arising at Auburn Correctional Facility**

Plaintiff attaches to his complaint a letter in which he states the following: "My constitutional rights are constantly being violated by many officers at Auburn Correctional Facility. They enjoy showing their coworkers how tough they are by oppressing me." (ECF 1, at 24.) Plaintiff has not named any defendant located at Auburn Correctional Facility, and the only defendant who is not associated with either Plaintiff's claims arising at Rikers Island or his Kings County criminal proceedings is the New York State Attorney General.

As an initial matter, Plaintiff's claims arising at Auburn are unrelated to the bulk of his claims, which arose during his pretrial detention at Rikers Island. The Federal Rules of Civil Procedure liberally allow joinder. Rule 18 of the Federal Rules of Civil Procedure permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). Nevertheless, "[u]nrelated claims against different defendants belong in different suits . . . "

4

*Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013). Plaintiff's claims based on incidents at Auburn, which arise from different facts and are not against the same defendant(s), are not properly joined in the same suit with his claims arising at Rikers Island.

Moreover, insofar as the Section 1983 claims arising at Auburn are brought against New York State Attorney General Letitia James, Plaintiff has not alleged any facts suggesting that she was personally involved in violating Plaintiff's rights. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Any personal-capacity claim against the New York State Attorney General for damages is therefore dismissed for failure to state a claim on which relief can be granted. In addition, the Eleventh Amendment bars any official-capacity claims under Section 1983 for damages against the New York State Attorney General. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.").

The Court therefore dismisses Plaintiff's claims for damages against the New York State Attorney General for failure to state a claim on which relief can be granted and based on Eleventh Amendment immunity 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). This dismissal is without prejudice to Plaintiff's bringing his claims arising at Auburn, which is in the United States District Court for the Northern District of New York, in a civil rights action that names the individuals who he alleges were personally involved in violating Plaintiff's constitutional rights.

5

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Delgiudice, Chun, ADA Olaniyan, ADA Schlesinger, and the New York State Attorney General, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). The Court directs the Clerk of Court to terminate these defendants on the docket.

Plaintiff's claims arising from his detention at Rikers Island remain pending and will be addressed by separate order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  November 13, 2024
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge