UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKY GONZALEZ, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK CITY DEPARTMENT OF CORRECTIONS; CORRECTIONAL OFFICER JOHN JUNE; CORRECTIONAL OFFICER JOHN RANDAZZO; CORRECTIONAL OFFICER JANE JOHNSON; CORRECTIONAL OFFICER JANE DIAZ; DEPUTY WARDEN JOHN CHESTER; CAPTAIN JANE PIERRE; JANE DOE NURSE, <br><br> Defendants. | 24-CV-3859 (JLR) <br><br> ORDER OF SERVICE |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who currently is incarcerated at Auburn Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. § 1983, asserting violations of his constitutional rights. The complaint can also be liberally construed as asserting state law claims. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] On November 14, 2024, Chief Judge Laura Taylor Swain issued an order of partial dismissal, dismissing some parties and claims.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    New York City Department of Correction

Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Department of Correction (DOC) does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y.1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Plaintiff's claims against the DOC must therefore be dismissed.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the New York City

DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Claims against Nurse Jane Doe**

Plaintiff was a pretrial detainee on December 30, 2021, when the events giving rise to his claim that Nurse Jane Doe attempted to "poison" him took place. For pretrial detainees, Section 1983 claims of deliberate indifference to a serious risk of physical harm arise under the Due Process Clause of the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a deliberate indifference claim, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, showing that the officer acted with the requisite state of mind. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell,* 849 F.3d at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). To satisfy the "mental" element, a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Allegations of negligent conduct do not state a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

Plaintiff alleges that when Nurse Jane Doe gave him his medication, he noticed that it was partially coated with a white substance; after he drank the medication, which had been dissolved in water, he felt a "serious headrush," felt cold, had a racing heart, and was trembling. (ECF 1 at 17.) Although Plaintiff describes this as an effort to "poison" or "murder" him, the allegations are insufficient to satisfy either prong of the test for deliberate indifference. The allegations do not show that Plaintiff faced an objectively serious risk to his health, and do not plausibly allege that Nurse Doe knew or should have known that the white coating covering a quarter of the pill posed a serious risk yet acted intentionally to impose the risk. Plaintiff's Section 1983 claim against Jane Doe for deliberate indifference, in violation of the Due Process Clause, is therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead this claim in an amended complaint, consistent with Rule 15 of the Federal Rules of Civil Procedure.

### C.     Correction Officer Jane Diaz

Plaintiff also names as a defendant "Correction Officer Jane Diaz (grievance)," but he does not otherwise mention this defendant in the body of the complaint. Because Plaintiff does not plead facts in the complaint showing what Defendant Diaz did or failed to do that violated his rights, the Court dismisses Plaintiff's claims against Diaz, without prejudice to repleading.

### D.     Service on DOC officials and employees

The Clerk of Court is directed to notify the New York City DOC and the New York City Law Department of this order. The Court requests that the following defendants, many of whom were employed at the Robert N. Davoren Complex, waive service of summons: Correction Officer "John" June, Shield #18179; Correction Officer "John" Randazzo (kitchen); Correction

Officer "Jane" Johnson (law library); Deputy Warden "John" Chester; Captain "Jane" Pierre; and the City of New York.

E.  **Court-ordered discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction and directs the Clerk of Court, under Fed. R. Civ. P. 21, to add the City of New York as a Defendant. The Court dismisses Plaintiff's claims against Defendants Jane Diaz and Nurse Jane Doe, without prejudice to repleading.

The Clerk of Court is directed to notify the New York City DOC and the New York City Law Department of this order. The Court requests that the following defendants waive service of summons: the City of New York, Correction Officer "John" June, Shield #18179; Correction Officer "John" Randazzo (kitchen); Correction Officer "Jane" Johnson (law library); Deputy Warden "John" Chester; and Captain "Jane" Pierre.

The Clerk of Court is directed to mail an information package to Plaintiff.

---

[2] Plaintiff may request copies of these discovery requests from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated: March 10, 2025
       New York, New York

                                                   *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                      United States District Judge