United States District Court
Southern District of New York

Ricky Gonzalez

Plaintiff Pro Se,

v.

City of New York; Correctional Officer John June; Correctional Officer John Randazzo; Correctional Officer Jane Johnson; Correctional Officer Jane Diaz; Deputy Warden John Chester; Captain Jane Pierre; Jane Doe Nurse

Defendants.

Motion To Amend

24-CV-3859 (LTS)(JLR)

RECEIVED JUN 06 2025 PRO SE OFFICE

In response to a court order dated March 10th, 2025 in which plaintiff and Pro se litigant Ricky Gonzalez is afforded opportunity by United States District Judge Jennifer L. Rochon to amend by repleading sections of complaint asserting allegations against Nurse Jane Doe and grievance officer Jane Diaz in a manner consistent with Rule 15 of the Federal Rules of Civil Procedure.

1

Plaintiff swears and affirms the following to be true in nature to the best of his knowledge:

III. <u>Statement of Claims</u>

    f) Attempted Murder By Nurse Dispensing Medication; replead and continuation:

1) Plaintiff affirms that on thursday 12/30/2021 at 12:00pm at the OBCC building in housing unit 2 southwest on Riker's Island and in the custody of the New York City Department of Corrections, Jane Doe nurse tampered with plaintiff's medication by adhering an unknown substance to one of two forty-milligram Methadone diskette pills with the primary intention of dispensing the tainted medication to the unsuspecting plaintiff for ingestion, fully aware of what she was doing and the fatal harm of her actions against the plaintiff.

2) Plaintiff affirms that Jane Doe nurse was of sound mind at the time of incident and she knew what effect the tainted medication would have on the plaintiff/recipient, with death by cardiac arrest being her intended result.

3) Plaintiff called and submitted a grievance with 311 NYC on 12/30/2021 with representative ID# M-1113 and obtained a service request # ec-00395560 as well as informed the supervising director of Correction Health Services by letter of what had transpired on the date of the incident.

4) Plaintiff affirms that the incident happened during a period between 12/23/2021 - 1/4/2022 in which he was quarantined for testing positive for COVID19.

5) Plaintiff affirms he had not received assistance or a response from Senior vice president of Correctional Health Services Dr. Ph Patsy Yang in the identification of nurse Jane Doe after plaintiff sent to her the letter of transpired incident.

6) Plaintiff affirms that on 12/30/2021 he was denied requested medical attention after the incident.

7) Plaintiff affirms this incident and the nature thereof has happened several times during his incarceration at Riker's Island while in the custody of the NYCDOC, however, those prior incidents do not meet the required time deadline needed to file complaint. Plaintiff believes past and present attempts at his life to be in connection

with the crime in which he was tried and convicted of; believing that the Jane Doe nurse had been paid off to tamper with his medication.

8) Plaintiff affirms that his constitutional right to be free from cruel and unusual punishment was violated at precisely the time Jane Doe nurse knowingly dispenced to him the tainted methadone pills for ingestion.

9) Plaintiff affirms that he seeks to pursue compensatory dameges as a result of the cause of action for which he has suffered physically and the distress and mental anguish for which he has suffered mentally.

10) Plaintiff affirms that ever since the aforementioned

5

incident involving Jane Doe nurse he has been suffering from post-traumatic stress and now fears eating food from prison mess halls and medications from medical staff in prison institutions for fear of being poisoned again.

11) Plaintiff affirms that he seeks to pursue punitive damages for accountability purposes on part of Jane doe nurse in that she be held accountable for her actions against plaintiff.

Plaintiff swears and affirms the following to be true in nature to the best of his knowledge:

III. Statement of Claims

    h. Exhaustion of Administrative Remedies via the Incarcerated Individuals Grievance Procedure Program facilitated by Grievance officer Jane Diaz; Submitted for replead

    1) Plaintiff affirms he submitted written grievances to the IGRC civilian program supervisor for resolve through grievance officer Jane Diaz who would forward them from the grievance lockbox to grievance supervisor Rosamund Padmore.

    2) Plaintiff affirms that the majority of submitted

grievances have not been filed and intentionally ignored.

3) Plaintiff affirms that Jane Diaz's inability to perform the job details of Grievance officer has rendered the Inmate Grievance program of the RNDC building on Riker's Island unavailable to the plaintiff and as a result of her neglectful actions in not following through the proper steps in a timely fashion, or at all whatsoever, she has created a hardship for the plaintiff to exhaust all possible administrative remedies for the sake of resolving his issues.

4) Plaintiff affirms that the claim against Jane Diaz is included for purposes pertaining to the exhaustion of the administrative remedies of the initial and amended claims.