UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKY GONZALEZ,<br><br>       Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; CORRECTIONAL OFFICER JOHN JUNE; CORRECTIONAL OFFICER JOHN RANDAZZO; CORRECTIONAL OFFICER JANE JOHNSON; CORRECTIONAL OFFICER JANE DIAZ; DEPUTY WARDEN JOHN CHESTER; CAPTAIN JANE PIERRE; and JANE DOE NURSE,<br><br>       Defendants. | Case No. 1:24-cv-03859 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, asserting violations of his constitutional rights. *See generally* Dkt. 1 ("Complaint"). On March 10, 2025, the Court dismissed Plaintiff's claims against Defendants Jane Diaz and Jane Doe without prejudice to repleading. Dkt. 11 at 4.

  On June 6, 2025, the Court received Plaintiff's Motion to Amend the Complaint with additional allegations against Defendants Jane Diaz and Jane Doe. *See* Dkt. 25. Because the Court's March 10, 2025 Order granted Plaintiff leave to replead his claims against these Defendants, *see* Dkt. 11 at 4, Plaintiff's Motion to Amend is GRANTED.

  Plaintiff also requests that his sister "be afforded permission to obtain information from the Court on [his] behalf." Dkt. 26 at 2. Plaintiff is advised that all filings in this case are available on the public court docket, and members of the public do not require permission to obtain or view those documents. Plaintiff is also advised that he is not required to send copies of his court filings to opposing counsel.

Lastly, Plaintiff requests appointment of counsel. *See* Dkt. 26 at 2. "[I]n reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately." *Quadir v. N.Y. State DOL*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014). A court must weigh several factors, including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Defendants have not yet responded to the Complaint, and at this early stage in litigation, the Court is unable to adequately assess the merits of Plaintiff's case. *See Qadir*, 39 F. Supp. 3d at 543. Plaintiff has also not shown that he has made other efforts to obtain a lawyer or that he cannot effectively prosecute this case independently. Accordingly, Plaintiff's request is DENIED without prejudice.

Plaintiff is reminded that he may contact the *Pro Se* Legal Assistance Project, which provides free, limited-scope legal services to self-represented parties in civil cases. The Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). The City Bar Justice Center can be contacted at 212-382-4794.

The Clerk of Court is respectfully directed to amend the caption of this action to reflect Plaintiff's amended claims against Defendants Jane Diaz and Jane Doe and close the motion at Dkt. 25.

Dated: June 11, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge