UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................X

Ricky Gonzalez,                          :
                                         :        24-cv-3859 (JLR) (RWL)
                      Plaintiff,         :
                                         :
          - against -                    :        **ORDER SCHEDULING INITIAL**
                                         :        **PRETRIAL CONFERENCE**
Correctional Officer John June, et al.,  :
                                         :
                      Defendant(s).      :
                                         :
...................................................................X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This action has been assigned to me for GENERAL PRETRIAL purposes. Accordingly,

1.  The parties shall appear before the Court for an Initial Pretrial conference in accordance with Rule 16 of the Federal Rules of Civil Procedure on **Tuesday, November 4, 2025,** at **10:30 a.m.** The conference will be held telephonically. The parties are instructed to call (646)-453-4442 and enter access code 365 015 553 #. Defense counsel please coordinate with the Warden at Auburn Correctional Facility to have pro se plaintiff participate for this conference. The Court respectfully requests the Clerk of Court to mail a copy of this order to the pro se Plaintiff.

2.  Counsel shall meet and confer to discuss the subject matter required for an initial pretrial conference pursuant to Rules 16(c) of the Federal Rules of Civil Procedure.

3.  Counsel shall jointly complete and file Judge Lehrburger's [Proposed] Civil Case Management Plan and Scheduling Order, which must be submitted in compliance with Judge Lehrburger's Individual Practices no later than one week before the initial case management conference. If suitable for the case, the parties are encouraged to use Judge Lehrburger's model Joint Electronic Discovery Submission and Proposed Order. These forms are available on the SDNY website at http://nysd.uscourts.gov/judge/Lehrburger.

4.  Lead counsel for the parties shall attend the initial case management conference.

5.  Counsel for all parties shall follow Judge Lehrburger's Individual Practices available at http://nysd.uscourts.gov/judge/Lehrburger. All counsel also are required to register promptly as filing users on the Court's electronic filing system ("ECF") if they have not already done so.

6.  The Court will consider requests for adjournment of the initial pretrial conference only if they are in writing and otherwise comply with Judge Lehrburger's Individual Practices.

7. If this case has been settled or otherwise terminated, counsel shall notify the Court and also send a stipulation of discontinuance by email to the Orders and Judgments Clerk at **judgments@nysd.uscourts.gov,** or file a voluntary dismissal or other proof of termination on ECF.

8. Counsel who have entered a notice of appearance as of the issuance of this order are directed to ensure that all other parties have received a copy of this order. If unaware of the identity of counsel for any of the parties, counsel receiving this order shall promptly send a copy of this order and a copy of Judge Lehrburger's Individual Practices to that party personally.

9. For Pro Se (unrepresented) parties: Pro se parties must submit a Notice of Pro Se Appearance, including email address, to the Pro Se Intake Unit located in the United States Courthouse, 500 Pearl Street, Room 200, New York, New York (tel: **212-805-0175**). In addition, non-incarcerated pro se parties are encouraged, but not required, to submit a Consent to Electronic Service, which will allow them to receive court orders and other important documents by email. However, pro se parties are reminded that all letters and other communications with the Court from pro se parties must be submitted to the Pro Se Intake Unit, not directly to chambers. Pro se parties also are reminded that there is a legal clinic to assist people who are parties in civil cases but do not have lawyers. The Clinic is run by the City Bar Justice Center-Federal Pro Se Legal Assistance Project. It is not part of, or run by, the Court. The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, Room LL22, New York, NY. 10007. An unrepresented party can make an appointment in person or by calling **(212)-382-4794**.

SO ORDERED.

_____ _____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
        September 16, 2025

Copies transmitted this date to all counsel of record.

RICKY GONZALEZ

23-B-2583

AUBURN CORRECTIONAL FACILITY

P.O. BOX 618

AUBURN, N.Y. 13024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____
                          Plaintiff(s),

        -against-


_____
                          Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

__ CIV. NO. _____

**[Proposed] Civil Case Management Plan and Scheduling Order**


The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1.    **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on_____.

2.    **Alternative Dispute Resolution / Settlement:**

    **a.**    Settlement discussions have ☐ / have not ☐ taken place.

    **b.**    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:



    **c.**    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

**d.** The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

**e.** The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.** **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Defendant(s):

**4.** **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

**5.** **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

Defendant(s):

**6.** **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than_____.

**7.** **Amended Pleadings:**

    **a.** No additional parties may be joined after_____. Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

    **b.** No amended pleadings may be filed after_____. Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

**8.** **Fact Discovery:**

    **a.** All fact discovery shall be completed by _____.

    **b.** Initial requests for production were/will be served by_____. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    **c.** Initial interrogatories shall be served by_____. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    **d.** Depositions shall be completed by_____.

    **e.** Requests to admit shall be served by_____.

    **f.** The parties propose the following limits on discovery:

    **g.** Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

the Court, provided that the parties meet the deadline for completing fact discovery.

**h.** The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

**9. Expert Discovery (if applicable):**

**a.** The parties do ☐ / do not ☐ anticipate using testifying experts.

**b.** Anticipated areas of expertise:

**c.** Expert discovery shall be completed by_____.

**d.** By_____, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

**e.** The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

**10. Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

**a.** The parties have ☐ / have not ☐ discussed electronic discovery.

**b.** If applicable, the parties shall have a protocol for electronic discovery in place by_____.

    **c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

**11.**    **Anticipated Motions** (other than summary judgment, if any)**:**

**12.**    **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.**    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.**    **Trial:**

    **a.**    All parties do ☐ / do not ☐ consent to a trial before a Magistrate Judge at this time.

    **b.**    The case is ☐ / is not ☐ to be tried to a jury.

    **c.**    The parties anticipate that the trial of this case will require_____days.

**15.**    **Other Matters the Parties Wish to Address (if any):**

**16.**    The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____
at_____.m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter by_____no
longer than___pages.

                                      SO ORDERED.

Dated:

                                   _____

                                   ROBERT W. LEHRBURGER
                                   United States Magistrate Judge

PLAINTIFF(S):                   DEFENDANT(S):

_____    _____
ATTORNEY NAME(s):             ATTORNEY  NAME(s)

_____          _____

_____          _____
ADDRESS                                    ADDRESS


TEL:_____               TEL:_____

EMAIL:_____               EMAIL:_____

**INDIVIDUAL PRACTICES IN CIVIL CASES**[1]
<u>**ROBERT W. LEHRBURGER, UNITED STATES MAGISTRATE JUDGE**</u>

<u>**Chambers**</u>
500 Pearl Street, Room 1960
United States Courthouse
New York, NY  10007
Tel:  (212) 805-0248
Fax: (212) 805-7934
Lehrburger_NYSDChambers@nysd.uscourts.gov

<u>**Courtroom**</u>
500 Pearl Street, Room 18D
United States Courthouse
Southern District of New York
New York, New York  10007
Deputy Clerk: Ms. Rupa Shah

**Introduction**

Cases come before magistrate judges in one of two ways: for specific purposes pursuant to an order of reference by the assigned district judge, or, for all purposes on consent of the parties. Consent to jurisdiction of the Magistrate Judge has a number of benefits, including ready access to the judge and a reliable trial date calendared well in advance. The reason for this is that magistrate judge dockets have few criminal cases, which otherwise take precedence over civil proceedings and trials. Prior to taking the bench, Judge Lehrburger litigated and tried a wide range of cases for 27 years and well understands the concerns of civil litigation attorneys and their clients. If counsel jointly wish to consent to have Judge Lehrburger hear their case for all purposes, the necessary form is at https://nysd.uscourts.gov/hon-robert-w-lehrburger.

Unless otherwise ordered by Judge Lehrburger, matters before him, whether for all purposes or by specific reference, shall comply with the following practices.

---

[1] Requests for reasonable accommodations on account of disability with respect to the Court's practices and rules or in connection with any proceeding before Judge Lehrburger may be emailed to Chambers.

1

## I.   Communications with Chambers

A.   **Letters.** In general, communications with the Court should be by letter. Except as provided below, all letters should be filed electronically on ECF (i.e., Electronic Case Filing), without email or other copy to Chambers.

1.   **Represented Parties.** The following types of letters should be emailed to Chambers as a .pdf attachment:

- Letters that will be filed by counsel under seal;
- Ex parte settlement letters;
- Letters otherwise containing confidential information.

In pro se cases, counsel for the represented party must serve the pro se party with a paper copy of any legal document that is filed on ECF or emailed to the Court and must separately file proof of service. Letters filed on ECF or sent to Chambers by counsel for a represented party shall be sent to the pro se party's email address, so long as permission is granted by the pro se party. If permission is withheld, or email is otherwise unavailable, counsel for the represented party shall mail a copy of the letter to the pro se party and indicate so in its letter to the Court.

2.   **Unrepresented Pro Se Parties.** By Standing Order, a pro se party must mail all communications with the Court to the Pro Se Intake Unit located at 500 Pearl Street, Room 200, New York, NY 10007. A pro se party may not call Chambers or send any document or filing directly to Chambers. Submissions requiring immediate attention should be hand-delivered to the Pro Se Intake Unit. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.,* if there is another pro se party in the case), a pro se party must send copies of any filing to that party and include proof of service affirming that he or she has done so. Copies of correspondence between a pro se party and opposing parties should not be sent to the Court.

Any **non-incarcerated pro se** party who wishes to participate in electronic case filing ("ECF") must file a Motion for Permission for Electronic Case Filing, available in the Pro Se Intake Unit or at https://nysd.uscourts.gov/prose. Any non-incarcerated pro se party who wishes to receive documents in their case by email instead of by regular mail may consent to electronic service by filing a Pro Se

2

(Non-prisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at https://nysd.uscourts.gov/prose.

    **3.**     **Page Limit for Letters.** Letters may not exceed 3 single-space pages in length (exclusive of exhibits).

    **4.**     **Letters Between Parties.** Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B.**     **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of 500 Pearl Street and may not be brought directly to Chambers. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved immediately by Chambers staff.

**C.**     **Faxes.** Prior approval is required before sending any fax. Faxes must not exceed 3 pages and must be submitted to Chambers at (212) 805-7934. All faxes must simultaneously be faxed or delivered to all parties.

**D.**     **Docketing, Scheduling and Calendar Matters.** For docketing, scheduling and calendar matters, call the Courtroom Deputy at (212) 805-0248 between 9:00 a.m. and 4:00 p.m.

**E.**     **Telephone Calls.** For procedural or administrative matters that do not request a ruling from the Court, counsel may call Chambers.

**F.**     **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be filed on ECF as letter motions. (If a request contains sensitive or confidential information, it may be submitted by .pdf via e-mail in lieu of being filed electronically.) The letter motion must state: (i) the originally scheduled date(s); (ii) the number of previous requests for adjournment or extension of the matter at issue; (iii) whether those previous requests were granted or denied; and (iv) whether all parties consent, and if not, the reasons given for refusing to consent. If the adjournment concerns a conference to be rescheduled, the letter motion must also provide multiple dates when all counsel are available. Absent good cause, any request for extension or adjournment shall be made at least 48 hours before the deadline or scheduled appearance.

3

G.    **ECF.** In accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, counsel are required to register as ECF filers and to enter an appearance in the case. Instructions are available on the Court website, at http://www.nysd.uscourts.gov/ecffiling.php. Counsel are responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity. For questions about ECF rules and procedures, contact the ECF help desk at (212) 805-0800.

## II.    Case Management and Discovery

A.    **Initial Case Management Conference.** The Court will issue an order setting a date for the initial case management conference. Except in Pro Se Cases, the parties must confer and then file a joint Report of Rule 26(f) Conference and Proposed Case Management Plan and Scheduling Order no later than one week before the initial case management conference. The parties should use the template form for the Report of Rule 26(f) Conference and Proposed Case Management Plan and Scheduling Order available at: https://nysd.uscourts.gov/hon-robert-w-lehrburger. In **pro se** cases, the parties may each submit their own Report and Proposed Case Management Plan and Scheduling Order if conferring is not feasible.

Lead counsel for the parties are expected to attend the Initial Case Management Conference. Reasonable accommodations will be made for parties or their counsel who cannot attend in person on account of disability. An **incarcerated party** who is unable to attend this or other conferences may be allowed to participate by telephone or video conference.

B.    **Electronic Discovery.** The parties are encouraged to use the model Joint Electronic Discovery Submission and Proposed Order found at https://nysd.uscourts.gov/hon-robert-w-lehrburger.

C.    **Confidentiality Stipulations and Orders.** In cases where confidential information will be exchanged, the parties may submit a proposed confidentiality stipulation and order. Any such proposed stipulation and order must adopt by reference, or contain provisions consistent with, the procedures governing Redactions and Filings Under Seal set forth as the Appendix to these Rules.

If a party expects to have responsive discovery material they deem confidential, they must proceed promptly with proposing the terms of a confidentiality stipulation and order, and all parties must negotiate the terms in good faith so that the absence of a confidentiality stipulation and order does not delay production of discovery material.

4

**D.** **Discovery Disputes.** Parties shall follow Local Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file an ECF letter motion to the Court or, if applicable, to the Pro Se Intake Clerk, no longer than 3 single-space pages, explaining the nature of the dispute and requesting a conference. Such letter must include a representation that the meet-and-confer process occurred, including when and whether it was in person or over the telephone. Any responsive letter should be submitted within 3 business days following submission of the letter motion. The Court retains discretion to rule on the dispute based on the parties' letter submissions, without more formal briefing, and with or without a conference. If any party believes that more formal briefing is warranted, that party must make a separate application to the court explaining why more formal briefing is warranted.

Parties shall keep in mind Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action. Parties also shall keep in mind Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Discovery motions should address these rules to the extent applicable.

## III. <u>Motions</u>

**A.** All motions and moving papers filed on ECF or emailed to chambers shall be in **searchable PDF** form.

**B.** **Letter Motions**. Letter motions should be filed via ECF and comply with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. Letter motions are limited to 3 single-space pages (not including exhibits). Any responsive letter should be submitted within 3 business days following submission of the letter motion. Parties must file as letter motions the following requests:

- Requests for adjournments or extensions of time;

5

- Requests for pre-motion conferences;
- Requests for a settlement conference.

**C.** **Motions Under Rule 12(b) or (c).** Except in cases involving pro se parties, if a motion pursuant to Fed. R. Civ. P. 12(b) or 12(c) is contemplated, the moving party must so inform the plaintiff or counterclaimant and explain the basis for the anticipated motion. The plaintiff or counterclaimant must then indicate whether they wish to amend the subject pleading before motion practice, and the parties must consider in good faith a stipulation permitting such amendment. If the parties are unable to reach a resolution, the moving party shall include the following statement in the notice of motion: "This motion is made following the conference of counsel, which took place on [date]. Plaintiff [or Counter-Claimant] declined an opportunity to amend."

**D.** **Pre-Motion Conferences.** For motions concerning discovery disputes, see Section II.D above. A pre-motion conference with the Court is required for all other motions except for (i) motions by incarcerated pro se litigants, (ii) motions for reconsideration, (iii) motions for a new trial, (iv) motions in limine, and (v) motions required by the Federal Rules of Appellate Procedure or the Federal Rules of Civil Procedure to be made by a time certain.

Letters requesting a pre-motion conference should summarize the basis of the motion and may not exceed 3 pages single-spaced. Within 3 business days following submission of the requesting letter, each opposing party may submit a written response of no more than 3 pages. For non-dispositive motions, the Court retains discretion to rule on the dispute based on the parties' letter submissions, without more formal briefing, and with or without a conference. If any party believes that more formal briefing is warranted, that party must make a separate application to the court explaining why more formal briefing is warranted. The filing of a request for a pre-motion conference to dismiss prior to the Answer stays the time for the filing of an Answer until after the conference is held or until further order of the Court.

**E.** **Memoranda of Law.** The typeface, margins and spacing of motion papers must conform to Local Civil Rule 11.1. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. Sur-reply memoranda will not be accepted without prior permission of the Court. To the extent citing unreported cases, parties are requested to use Westlaw citations whenever possible.

6

F. **Courtesy Copies.** Courtesy copies of motion papers shall be submitted by email to Lehrburger_NYSDChambers@nysd.uscourts.gov. When parties have filed motion papers for which confidential information has been redacted, the courtesy copies submitted to Chambers shall be fully unredacted. In some instances, the Court may request counsel for hard copies of motion papers, particularly when there are many exhibits.

G. **Redactions and Filing Under Seal.** The parties must adhere to the procedures set forth in the Appendix to these Rules.

H. **Oral Argument.** Requests for oral argument of motions should be made by letter. Whether oral argument will be held remains in the Court's discretion. In some instances, the Court may hold oral argument even if the parties have not requested it.

I. **Specific Time Periods Provided by Federal Rules.** Nothing in the Court's Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule – including but not limited to Fed. R. Civ. P 50, 52, 54, 59, and 60, and Fed. R. App. P. 4 – where failure to comply with the specified time period could result in forfeiture of a substantive right.

## IV. <u>Settlement Procedures</u>

See Settlement Procedures For Magistrate Judge Robert W. Lehrburger, posted at https://nysd.uscourts.gov/hon-robert-w-lehrburger.

## V. <u>Pretrial Procedures</u>

The following procedures apply to those cases where the parties have consented pursuant to 28 U.S.C. 636(c) to have all proceedings, including trial, before Judge Lehrburger. Absent such consent, the parties should refer to the individual practices of the district judge.

A. **Joint Pretrial Orders in Civil Cases.**

1. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days after a decision resolving the motion, the parties shall jointly prepare and submit to the court for its approval a Proposed Pretrial Order.

2. In appropriate cases, the Court may be willing to dispense with portions of the Pretrial Order, if both sides consent, in order to secure the just, speedy and inexpensive determination of every action. *See*

7

Federal Rule of Civil Procedure 1. The parties should discuss such requests with each other and then with the Court sufficiently in advance so that the Proposed Pretrial Order will be filed within the time frames described above.

3. The Proposed Pretrial Order shall be filed by ECF.

**B.** **Contents of the Proposed Pretrial Order.**

1. **Caption:** The full caption of the action.

2. **Counsel:** The name, address, telephone number and email of each principal member of the trial team, and identification of each party's lead trial counsel.

3. **Subject Matter Jurisdiction:** A brief statement identifying the basis for subject matter jurisdiction, and, if that jurisdiction is disputed, the reasons therefore. Such statement shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

4. **Claims and Defenses:** A list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried. Where applicable, the statements shall identify citations to relevant statutes relied on.

5. **Law:** Identification of the governing law for each claim and defense that will be tried and a brief description of any dispute regarding choice of law.

6. **Damages:** With respect to each claim remaining to be tried, a statement and calculation of the damages claimed, broken down by element or category (e.g., lost profits, back wages, medical costs, etc.), and a description of any other relief sought.

7. **Length of Trial:** The number of days estimated for trial. If the parties do not agree, each party shall give its estimate and the basis for that estimate.

8. **Fact-Finder:** Whether the case is to be tried with or without a jury. If a jury trial, whether the parties agree to a non-unanimous verdict pursuant to Federal Rule of Civil Procedure 48.

9. **Stipulations:** Any agreed-upon stipulations or statements of fact or law.

8

10. **Openings:** Requested amount of time for openings.

11. **Witness Lists:** A list by each party of its trial witnesses that it, in good faith, expects to present on its case in chief, with a statement of the general subject areas of the witness's testimony and an indication of whether the witnesses will testify in person or by deposition. The witness lists shall also include identification of rebuttal witnesses that the party may call if needed. Absent good cause, a party will not be allowed to present a witness not previously identified on their witness list.

12. **Witness Order:** A statement as to how and when the parties will give notice to each other of the order of their trial witnesses.

13. **Depositions:** Designation by each party of deposition testimony to be offered in its case, referencing page numbers, with any cross-designations and objections by any other party. If there is no objection or cross-designation, the Court will deem the opposing party to have waived any such objection or cross-designation.

14. **Exhibits:** A list by each party of exhibits to be offered in its case.  For any exhibit as to which there is an objection, the party objecting must briefly specify, next to the listing for that exhibit, the nature of the party's objection (e.g., "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. Exhibits not produced during discovery or otherwise provided to other parties prior to trial likely will not be allowed for any purpose.

15. **Demonstratives:** A proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections, and notify the Court of any remaining disputes.

16. **Other Issues:** All other matters that the Court may have ordered or that the parties believe are important to the efficient conduct of the trial, such as bifurcation or sequencing of issues to be tried.

C. **Additional Pretrial Filings in Civil Cases.** Unless otherwise ordered by the Court, the following shall be filed at the same time as the proposed joint pretrial order:

1. **Jury Cases.**

9

     **a.**      Each party must file a **Trial Memorandum of Law** addressing each issue of law that the party expects to arise at or before trial.

     **b.**      The parties must jointly prepare and submit proposed **Jury Materials** consisting of:

- proposed **voir dire** questions to be asked of prospective jurors;

- proposed **jury instructions** (with each instruction separately numbered and beginning on a separate page); and

- a proposed **verdict form**.

     **c.**      To the extent a party objects to another party's requested voir dire questions, jury instructions, or proposed verdict form, that party must (i) set forth the grounds for the objection and (ii) if applicable, propose an alternative (all in the same document so that the Court can compare the parties' respective proposals).

     **d.**      All jury instructions, objections, and alternative proposals must include citation to supporting authority.

     **e.**      In addition to ECF-filing voir dire questions, requests to charge, and verdict sheets, electronic copies must also be submitted as Microsoft Word documents and sent by email to: Lehrburger_NYSDChambers@nysd.uscourts.gov.

**2.**     **Non-Jury Cases.**

     **a.**      Each party must file a **Trial Memorandum of Law** identifying the issues, summarizing facts and applicable law, and addressing any evidentiary issues.

     **b.**      The Court may also ask each party to file **Proposed Findings of Fact and Conclusions of Law** before or after trial.

     **c.**      In addition to ECF-filing, these materials should also be submitted as Microsoft Word documents and sent via email to: Lehrburger_NYSDChambers@nysd.uscourts.gov.

**D.** **Motions *in Limine*.** Each party shall file and serve any motions *in limine* at the same time as the proposed pretrial order. Within two weeks of filing the proposed pretrial order, each party shall file and serve its opposition to any motion *in limine*. There shall be no replies for motions *in limine*.

**E.** **Pro Se Cases.** In pro se cases, the parties are not required to prepare joint pretrial filings (but may do so jointly if feasible). Instead, within 30 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days of a decision resolving the motion, the represented party(ies) shall submit the pretrial materials set forth in sections IV.A, B, C and D above. The pro se party shall file its own Pretrial Statement. The pro se party's Pretrial Statement need take no particular form, but must be concise and contain:

**1.** a statement of the **facts** the party hopes to prove at trial;

**2.** a list of all documents or other physical objects that the party plans to put into **evidence** at trial; and

**3.** a list of the names and addresses of all **witnesses** the party intends to have testify at trial and the general subject matter of each witness's expected testimony.

The Pretrial Statement must be sworn or affirmed by the pro se party to be true and accurate based on the facts known by the party. The pro se party must file an original Pretrial Statement with the Pro Se Office and serve a copy on all other parties or their counsel if represented. The original Pretrial Statement must indicate the date a copy was mailed to the other party or that party's attorney.

11

## VI.    Trial Procedures

A.    **Voir Dire.** The Court will conduct all voir dire.

B.    **Time.**

1.    The Court encourages use of timed trials, with each party allotted a set amount of time for presentation of all evidence and cross-examination, and such time to be allotted as that party chooses.

2.    Trial days generally will run from 9:30 a.m. to 4:30 p.m., with two short breaks and a one-hour lunch break.

C.    **Witnesses.**

1.    No later than the end of each trial day, counsel must notify each other and the Court of witnesses to be called the following trial day. The parties may agree to earlier notification.

2.    Absent a contrary ruling made before the start of a witness's direct testimony, where applicable, cross-examination in a civil case may go beyond the scope of direct to avoid making the witness return to testify in the opposing party's case. However, to the extent cross-examination exceeds the scope of the direct pursuant to this rule, counsel should not ask leading questions (unless the witness is hostile or otherwise associated with the opposing party).

3.    When a party's case commences, the party is expected to have witnesses available to fill the trial day. Witnesses may be taken out of order if the next planned witness is unavailable. If a party does not have a witness available to testify, the Court may preclude testimony or deem that party to have rested. Any requests to schedule a witness out of order and/or for a particular day must be made by a letter application that states the opposing party's position and must be sent as soon as counsel is aware of the limited availability of that witness. Absent good cause, untimely applications will be denied.

D.    **Exhibits.**

1.    Counsel must make sure that all exhibits are redacted in compliance with Federal Rule of Civil Procedure 5.2. If there is a particular need not to redact, the party seeking to introduce the exhibit must file a motion *in limine* with the Court.

**2.**    Counsel must provide two courtesy copies of each exhibit to the Court (one for the Judge; the other for the Law Clerk) before using it at trial. The Court/Law Clerk copies of pre-marked exhibits should be assembled sequentially in a 3-ring binder, or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference. Voluminous exhibits may be provided on a thumb drive or equivalent.

**3.**    Counsel are responsible for maintaining custody of all original exhibits.  The Court does not retain them, and the Courtroom Deputy is not responsible for them.

**E.**    **Court Reporter**.

**1.**    Prior to trial, counsel should provide the court reporter with spelling of proper names, places, scientific or medical terms, and other words peculiar to the case that are likely to arise during trial.

**2.**    When reading from depositions or documents, the reader should proceed slowly enough for the court reporter to record what is being said and should cite the applicable page and line number.

**3.**    When referring to an exhibit, cite it by number or letter so that the record is clear as to what is being discussed.

**F.**    **Objections and Sidebars**.

**1.**    Counsel shall make objections simply, in one or two words, unless the Court requests further explanation.

**2.**    Sidebars during jury trials are discouraged. Counsel are expected to anticipate any problems that may require argument and raise those issues with the Court in advance of the time the jury will be present to hear evidence.

\*    \*    \*

**APPENDIX**

**<u>RULES FOR REDACTIONS AND FILING UNDER SEAL</u>**

A.   **Sealing/Redactions Not Requiring Court Approval.**  Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings. No Court approval is required for these redactions.

B.   **Sealing/Redactions Requiring Court Approval.**

    1.   **Initial Filing Process.** Any party wishing to file any document under seal or in redacted form shall (1) file on ECF a redacted copy of the document, (2) file on ECF a sealed copy of the document, and (3) submit to Chambers an unredacted copy by email.

    2.   **Meet and Confer Requirement.** Within 5 business days of the ECF-filing of the redacted document(s), the parties must confer in good faith as to whether any or all of the redacted material may or must be filed without redaction. If the parties reach agreement that all redacted material may or must be unredacted, the parties shall file on ECF unredacted copies of the previously redacted documents and so inform the Court.

    3.   **When Motion Required.** A motion is required whenever one or more parties seek to maintain sealed material. If the parties cannot agree to unredact all redacted material, then, within 3 business days of the parties' meet and confer, the party seeking to preserve confidentiality must make a specific request to the Court by letter motion. If more than one party seeks to preserve confidentiality, the parties shall confer and submit a joint letter. Any party opposing the request to file under seal must submit a responding letter within 3 business days after submission of the letter by the party seeking to preserve confidentiality.

    4.   **What Must Be Included In Motion.** Any letter motion requesting that material remain under seal must explain the reasons for seeking to file the material under seal and address the request in light of the Court of Appeals' opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Any sealing request shall include the requesting party's proposed redactions.

14

5.    **Motion Filing Process.** The letter motion to seal (and any response) must be filed on ECF in public view and should not itself include confidential material for which sealing is sought. Any supporting papers or attachments that contain confidential material may be filed under seal or redacted to the extent necessary to safeguard that information. At the time the letter motion is filed it should be designated as related to the documents filed under seal in the initial filing process.

6.    **Unredaction.** If the Court directs that any previously redacted material be unredacted, the party who submitted the previously redacted document shall, within 3 business days after the Court's unredaction order, file on ECF the documents complying with the Court's order.

7.    **Inability to Comply.** Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move by letter motion for leave of Court to file non-electronically.